**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

**BETHEL J. HOLT**                                                                                           **PLAINTIFF**

**VS.**                                          **CASE NO. 1:16CV00096 PSH**

**NANCY A. BERRYHILL, Acting Commissioner,**
   **Social Security Administration**                                                    **DEFENDANT**


**ORDER**

Plaintiff Bethel J. Holt ("Holt"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Berryhill") to deny her claim for Supplemental Security Income benefits (SSI), contends the Administrative Law Judge (ALJ) erred when he failed to find her peripheral vascular disease ("PVD") to be a severe impairment. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on March 19, 2015. (Tr. 33-80). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Berryhill's decision. 42 U.S.C. § 405(g).

At the administrative hearing, Holt stated she was 46 years old, had an eighth grade education, and has past relevant work as an egg gatherer and housekeeper. She used a walker when arriving at the hearing, stating that her doctor prescribed the walker two weeks earlier. She testified to the following impairments: fibromyalgia throughout her body, three slipped discs (two in her back and one in her neck), a recent broken hip, ankle problems, mental problems, 1-2 migraine headaches

1

per week, dizziness, depression, anxiety, insomnia, GERD, restless leg syndrome, possible diagnosis of Lou Gehrig's disease, numbness in right leg, handling problems, numbness in hands, panic attacks, shortness of breath, pain in neck, shoulders, elbows, spasms between her shoulder blades, swelling in feet and right leg, knee and hip pain, breathing problems, and past suicide attempt. (Tr. 37-70).

In his May 2015 decision the ALJ determined Holt had the severe impairments of fibromyalgia, anxiety, depression, arthritis, and headaches. The ALJ specifically considered other impairments, such as GERD, unexplained falls, and recent shoulder pain, and found these to be non-severe. The ALJ did not address PVD as either a severe or non-severe impairment. The ALJ continued, finding Holt to have the ability to perform sedentary work with numerous limitations.[1] Relying upon the testimony of vocational expert David Elmore ("Elmore"), the ALJ found Holt was not disabled since she could perform other jobs in the economy.

***ALJ's failure to find Holt's PVD to be a severe impairment.***  An impairment is severe if it imposes significant restrictions on a claimant's ability to perform basic work activities. 20 C.F.R. § 416.920(c); SSR 96-3p. If an impairment is only a slight abnormality then it is rightly assessed as non-severe. 20 C.F.R. § 404.1521(b). A claimant bears the burden of establishing she has severe impairments. Here, Holt argues the ALJ erred in failing to find her PVD to be severe. Insight is found in the transcript of the hearing and in the medical records.

At the hearing, Holt testified to numerous impairments. She did not mention PVD. Without

---

[1] The ALJ limited the work to jobs requiring at most occasional performing of postural activities of climbing, balancing, stooping, kneeling, crouching, and crawling; to only simple, routine, repetitive tasks where supervision is direct, simple, and concrete; and at most frequent interaction with supervisors and coworkers, and occasional interaction with the general public. (Tr. 17).

attributing her problem to a particular diagnosis, Holt stated her "right leg goes completely numb" and her hands have numbness and cramping. (Tr. 63). She also testified to swelling in her feet and right leg. (Tr. 65). In her brief, Holt attempts to link these symptoms to PVD, which she states commonly affects "blood vessels in the legs. Symptoms often consist of pain and coldness in the feet with a bluish discoloration." Docket entry no. 13 at page 5.

The medical records show Holt was seen by Dr. Randall Hunt ("Hunt") in March, twice in April, in May, and in June of 2015. (Tr. 502-518). Hunt assessed Holt with gastritis in March. It was noted that Holt complained of her feet being cold and blue. At the first April visit, Hunt assessed her with shingles. At the second April visit, Hunt assessed Holt with hypothyroidism and PVD. In May, Hunt assessed her with tobacco abuse, bilateral claudification of calf muscles, epigastric pain, unexplained weight loss, and malnourishment. Hunt specifically reported that Holt "has had no numbness or tingling in the extremities." (Tr. 511). In June, Hunt assessed Holt with a cough, fever (unspecified), and pneumonia. Hunt recorded PVD to be part of Holt's medical history, with no date of onset provided. Hunt did not indicate any edema or numbness in her feet after the diagnosis of PVD. Other than the history provided by Holt and the single diagnosis of PVD, the medical record is unremarkable on PVD and silent on any limitation imposed on Holt as a result of the diagnosis.

Given the testimony and the medical records, we find substantial evidence supports the ALJ's formulation of severe impairments, including his decision not to include PVD as a severe impairment. The record does not support the assertion that PVD imposed significant restrictions on Holt's ability to perform basic work activities.

In summary, we find the ultimate decision of Berryhill was supported by substantial

evidence.  We are mindful that the Court's task is not to review the record and arrive at an independent decision, nor is it to reverse if we find some evidence to support a different conclusion. The test is whether substantial evidence supports the ALJ's decision.  *See, e.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012).  This test is satisfied in this case.

    IT IS THEREFORE ORDERED that the final decision of Berryhill is affirmed and Holt's complaint is dismissed with prejudice.

    IT IS SO ORDERED this 17th day of March, 2017.

    _____
    UNITED STATES MAGISTRATE JUDGE